UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TILMON F. BROWN, Individually, and as Administrator of the Estate of Jonnie R. Brown, Deceased | ) ) ) | CASE NO.<br><br>JUDGE |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DLA PIPER LLP (US) | ) | **COMPLAINT** |
| c/o CSC-Lawyers Incorporating Service Company, Statutory Agent | ) ) | |
| 7 St. Paul Street, Suite 820 | ) | ***[Jury Demand Endorsed Hereon]*** |
| Baltimore, MD  21202 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KENNETH S. ANECKSTEIN | ) | |
| c/o DLA Piper LLP (US) | ) | |
| 6225 Smith Avenue, Suite 200 | ) | |
| Baltimore, MD  21209-3600 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JONATHAN D. EISNER | ) | |
| c/o DLA Piper LLP (US) | ) | |
| 6225 Smith Avenue, Suite 200 | ) | |
| Baltimore, MD  21209-3600 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEPHEN L. OWEN | ) | |
| c/o DLA Piper LLP (US) | ) | |
| 6225 Smith Avenue, Suite 200 | ) | |
| Baltimore, MD  21209-3600 | ) | |
| | ) | |
| Defendants | ) | |

Now comes Plaintiff, by and through counsel, and for his Complaint against the above-captioned Defendants, states and avers as follows:

## **NATURE OF THE ACTION**

1.      Over a period of several decades, Plaintiff Tilmon Brown advanced through ability and hard work from driving a bread truck in Buffalo to being the CEO and owner of a large baking company in Norwalk, Ohio, with hundreds of employees and tens of millions in annual revenue.

2.      Through this advancement in the baking business and the success of his company, Plaintiff was able to accumulate a significant amount of wealth that should have been sufficient to provide financial security for his family and for him for the remainder of his life.

3.      The law firm, DLA Piper LLP (US) ("DLA"), and its lawyers held themselves out as experts in estate planning and tax issues and devised a plan for Tilmon to assure that his wealth received appropriate tax treatment and that it remained accessible to him during his life.

4.      DLA made critical errors in drafting a Trust and Will that were the foundation of Tilmon's estate plan and these errors have resulted in Tilmon, who is in good health and has a significant number of years of life expectancy, being unable to benefit from the wealth in this Trust during his lifetime.

5.      This case seeks damages for DLA's malpractice sufficient to return Tilmon to the financial situation he would have been in but for DLA's malpractice.

## THE PARTIES

6.     Plaintiff, Tilmon Brown, is a resident of the state of Nevada but a domiciliary of the state of Ohio, maintaining a permanent residence in Lorain County.

7.     Jonnie Brown was Tilmon's wife of 50 years and also lived in Lorain County, Ohio, at the time of her death on September 26, 2014.

8.     Jonnie Brown's Estate is open in Lorain County, Ohio, and Tilmon Brown is the Administrator; he sues in this capacity, as well as in his individual capacity.

9.     Defendant, DLA Piper LLP (US) ("DLA Piper"), is a Maryland limited liability partnership with offices in multiple locations across the United States, including Baltimore, Maryland.  DLA Piper, formerly called DLA Piper Rudnick Gray Cary US LLP, is the successor for purposes of liability to the firm Piper Rudnick LLP (also called Piper Marbury Rudnick & Wolfe LLP), itself the successor to Piper & Marbury LLP, a firm headquartered in Baltimore, Maryland.

10.    Defendant, Kenneth S. Aneckstein ("Aneckstein"), is an attorney licensed to practice law in the state of Maryland and a partner at DLA Piper who concentrates his practice in Estate Planning for high-net-worth individuals and families and owners of closely held businesses, as well as the administration of large and complex decedents' estates.  On information and belief, Aneckstein is a resident of Maryland.

11.    Defendant, Jonathan D. Eisner ("Eisner"), is an attorney licensed to practice law in the state of Maryland and the Chair of the Trust and Estates Practice Group at DLA Piper.  On information and belief, Eisner is a resident of Maryland.

12.    Defendant, Stephen L. Owen ("Owen"), is an attorney licensed to practice law in Maryland, Virginia and the District of Columbia, and is a partner at DLA Piper who focuses primarily on the areas of mergers and acquisitions, joint ventures, business

transactions, corporate and partnership tax planning, real estate tax planning, and business and estate planning for closely held enterprises and their owners.  On information and belief, Owen is a resident of Maryland.

13.    At all times relevant, Defendants, Aneckstein, Eisner, and Owen were acting within the course and scope of their employment and/or partnership with DLA Piper, such that DLA Piper is vicariously liable for the actions and conduct of Defendants, Aneckstein, Eisner, and Owen.

## JURISDICTION & VENUE

14.    Federal subject matter jurisdiction exists in this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

15.    This Court has personal jurisdiction over the Defendants in this action for a number of reasons, including, but not necessarily limited to, the fact Defendants purposefully availed themselves of the laws of the state of Ohio by: (a) providing legal services to Ohio residents; (b) by drafting legal documents purporting to be governed by Ohio law; (c) by deriving a financial benefit from the commercial activities they conduct in the state of Ohio; and (d) by traveling to Ohio to provide legal services and providing legal services in Ohio.  For these reasons and others, it is reasonable to bring suit against Defendants in the Northern District of Ohio, Eastern Division.

16.    Venue is proper in this Judicial District, pursuant to 28 U.S.C. § 1391, as a substantial part of the acts and omissions giving rise to the claims set forth in the Complaint occurred in this Judicial District. Defendants negligently provided thelegal services at issue when Plaintiffs were Ohio residents, the relevant documents purport to

be governed by Ohio law, and certain Defendants traveled into this judicial district to provide some of the legal services at issue in this case.

## BACKGROUND

17.    In or around 1999 Plaintiff Tilmon Brown and Decedent Jonnie Brown became acquainted through mutual business associates with Owen, an attorney with DLA.

18.    On the advice of those associates and at the suggestion of Mr. Owen, Tilmon and Jonnie Brown sought estate planning advice from Owen, Eisner, and DLA and retained DLA for that purpose.

19.    Certain estate planning documents, including Wills, were drafted by Eisner and executed by the Plaintiffs in 1999.

20.    Between 1999 and 2003, Aneckstein took over for Eisner as the primary estate planning partner at DLA responsible for devising and executing Tilmon and Jonnie's Estate plan.

21.    In 2003, Aneckstein drafted and Tilmon and Jonnie executed a series of Trust documents designed to, over time, convey essentially all of Tilmon's assets into a single irrevocable grantor trust (the "2003 GST Trust").

22.    The 2003 GST Trust was intended to provide Jonnie with an option to assign an interest in the Trust through her will to any of a class of categorically defined individuals, of which Tilmon was a member.

23.    Jonnie and Tilmon executed the 2003 GST Trust in Ohio.

24.    The 2003 GST Trust is a "grantor" trust, meaning that Tilmon assumed personal responsibility for the taxes owed by the Trust on earnings associated with Trust assets.

25.     In 2013, Aneckstein again reiterated to the Plaintiff that the 2003 GST Trust had been drafted in such a way that Jonnie could, through her Last Will and Testament, grant Tilmon income from the 2003 GST Trust and access to the principal as necessary for purposes of his maintenance, support, education, and health.

26.     Jonnie, with counsel from Aneckstein, decided to convey that interest to Tilmon in her Last Will and Testament.

27.     Aneckstein prepared documents and Aneckstein and Owen traveled to the Plaintiffs' home in Ohio to explain the documents to the Plaintiff, his wife, and their children.

28.     Tilmon and Jonnie were assured by Aneckstein and Owen that the 2013 Last Will and Testament of Jonnie Brown now *did in fact* grant Tilmon an interest in the 2003 GST Trust for purposes of his maintenance, support, education and health should Jonnie predecease Tilmon.

29.     The 2013 Last Will and Testament of Jonnie Brown purports to be governed by Ohio law and was executed by Jonnie in Ohio, pursuant to the legal advice and guidance provided by Aneckstein and Owen, while Aneckstein and Owen were in Ohio meeting with Tilmon and Jonnie.

30.     Neither Aneckstein nor Owen were at that time, nor are they now, licensed to practice law in Ohio.

31.     On September 26, 2014, Jonnie passed away unexpectedly.

32.     At of the time of Jonnie's death, the vast majority of Plaintiff's wealth was, pursuant to legal advice received from DLA Piper, held in the irrevocable 2003 GST Trust.

6

33.     When the attorneys responsible for the probate and administration of Jonnie's Estate reviewed her Last Will and Testament and the 2003 GST Trust documents, it became clear that:

A.      The 2003 GST Trust contained numerous errors in drafting that precluded Jonnie from granting Tilmon an interest in or access to the 2003 GST Trust for purposes of his maintenance, support, education and health; and

B.      Jonnie's Last Will and Testament was itself defective in a such a manner that, even had the 2003 GST Trust been drafted in the manner Plaintiff anticipated, the Will would not grant Tilmon an interest in or access to the 2003 GST Trust for purposes of his maintenance, support, education and health in the manner intended by the Plaintiff and his wife as had been discussed with them by their attorney, Mr. Aneckstein.

34.     The drafting errors in Jonnie Brown's Last Will and Testament and the 2003 GST Trust both result from the negligence of Aneckstein, Owen, Eisner and/or other DLA attorneys who were responsible for drafting those documents.

35.     Aneckstein, Owen, and Eisner negligently prepared those and other estate planning documents that they were retained and compensated to prepare for the Plaintiffs and did so within the course and scope of their employment and/or partnership with DLA Piper.

36.     The negligence of Aneckstein, Owen, Eisner, and DLA Piper have caused significant injuries to Plaintiffs: Jonnie's testamentary wishes could not be carried out and Tilmon is not now able, and will continue to be unable in the future, to access funds Jonnie intended for him to have available for the remainder of his life.

## COUNT ONE
### (Legal Malpractice)

37.     Plaintiff incorporates each and every preceding paragraph as if fully rewritten herein.

38.    As their attorneys, the Defendants owed Plaintiffs a duty to zealously and competently represent Plaintiffs, provide adequate and appropriate legal counsel to Plaintiffs, and exercise the degree of knowledge, skill and care reasonably exercised by a reasonably prudent and capable attorney under the same or similar circumstances.

39.    In the course of their representation of Plaintiffs, Defendants, individually, and by and through their employees, partners and/or agents, rendered legal representation, advice and services that fell below the standard of care exercised by a reasonably prudent and careful legal practitioner under the same or similar circumstances, negligently represented Plaintiff's interests, failed to provide appropriate and adequate advice, and otherwise failed to exercise the degree of knowledge, skill and care reasonably exercised by an attorney under the same or similar circumstances.

40.    Specifically, the Defendants were negligent in several respects, including, but not limited to:

a.    Drafting the 2003 GST Trust in a manner that failed to achieve a significant goal of that Trust as agreed upon between the Plaintiffs and Defendants;

b.    Failure to do appropriate due diligence and review of the 2003 GST Trust both prior to and in 2013 at the time Aneckstein revised Jonnie Brown's Will;

c.    Not drafting Jonnie's Will in such a way as to carry out her intentions;

d.    Responding to Tilmon bringing the error in the 2003 GST Trust to their attention by suggesting that he engage in a reformation that could potentially expose he and his family to significant tax

8

consequences to correct the Defendants' legal errors.  Defendants offered no indemnification for the risk associated with the transaction; and

e.   Traveling to Ohio to consult with Ohio residents and obtain signatures on estate planning documents governed by Ohio law when not licensed to practice law in the state of Ohio, losing the deed to the Browns' home, failing to identify the Trustees in Jonnie's Will and other Scrivener's or administrative errors.

41.   As a direct and proximate result of Defendants' conduct, Plaintiff incurred substantial injury, damages and loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with interest and costs incurred in this action.

*A TRIAL BY JURY IS HEREBY REQUESTED.*

Respectfully submitted,

*s/ Daniel Frech*
DENNIS R. LANSDOWNE (0026036)
PETER J. BRODHEAD (0006733)
DANIEL FRECH (0082737)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*pbrodhead@spanglaw.com*
*dfrech@spanglaw.com*

*Counsel for Plaintiff*